# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KRISTEN DOMINGUE and** | * | |
| **CASEY DOMINGUE,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.:** |
| | * | |
| **FORD MOTOR COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT FOR DAMAGES

NOW COME the Plaintiffs in the above styled action and herewith state their complaint against the Defendant by showing the Court the following:

1.

Plaintiffs are residents of the State of Georgia and are domiciled at 1040 Ty Ty Sparks Road, Tifton, Tift County, Georgia 31793. Plaintiffs do not maintain any other residence within or outside of the State of Georgia.

2.

The Defendant is a for-profit corporation organized under the laws of the State of Delaware.  The Defendant maintains its principal office at 1 American Road, Dearborn, Michigan but is registered to do business, and in fact does business, in the State of Georgia and within the jurisdiction and venue of this Court.  Said Defendant is subject to the jurisdiction and venue of this Court by service of process upon its registered agent, The Corporation Company, 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

3.

Jurisdiction and venue are proper in this Court as there exists a complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## STATEMENT OF RELEVANT FACTS

4.

On or about March 27, 2020, Plaintiffs were riding in their 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 when a 2007 Jeep Wrangler suddenly, and without warning, pulled into the path of Plaintiffs' vehicle.  As the

result, a serious head-on collision occurred between the two vehicles in which the front passenger side of Plaintiffs' vehicle struck the front driver side quarter panel of the 2007 Jeep Wrangler.  The Jeep Wrangler caught on fire and was completely destroyed.  Plaintiffs' 2015 Ford SRW Super Duty Pickup Truck sustained the following damage:





5.

When the collision occurred, the passenger side airbag did not deploy.  As the direct and proximate result of the collision and the failure of the passenger side airbag to deploy, Plaintiff Kristen Domingue's head struck the windshield causing serious injury to her head, brain and neck.

6.

As the direct and proximate result of the collision and the failure of the passenger side airbag to deploy, Plaintiff Kristen Domingue sustained a hematoma and lacerations to her scalp as well as a comminuted fracture of the C-1 vertebrae in her neck.  In addition, the impact to her brain has caused her to suffer from double vision in her eye since the date of the collision.  These injuries are severe and permanent and did then, do now and, in all likelihood, will in the future cause Plaintiff Kristen Domingue to suffer severe physical and mental pain and suffering.

7.

As the direct and proximate result of the injuries sustained by Plaintiff Kristen Domingue in the subject collision, she has incurred the following medical expenses for the treatment of her injuries:

| | | |
|---|---|---|
| a) | Tift Ambulatory | $   1,952.54 |
| b) | Tift Regional Medical Center | $  15,843.27 |
| c) | Air Evac | $  62,085.70 |
| d) | Navicent Medical Center | $      TBD |

As Plaintiff Kristen Domingue's injuries are severe and permanent, she will, in all likelihood, incur additional medical expenses.

8.

At the time of the subject collision, Plaintiff Kristen Domingue was gainfully employed as a dental assistant earning an average weekly wage of $  As the direct and proximate result of the subject collision and her injuries, Plaintiff Kristen Domingue has been unable to work and has incurred lost wages for each week she has been unemployed.  As her injuries and severe and permanent, Plaintiff Kristen Domingue will, in all likelihood, incur additional lost wages in the future.

9.

At the time of the subject collision, Plaintiffs were lawfully married as husband and wife.  As the direct and proximate result of the injuries to Plaintiff Kristen Domingue, Plaintiff Casey Domingue has lost the love, services and affections of his wife and is entitled to recover for his loss of consortium.

10.

The 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was manufactured and sold as new by the Defendant.

## COUNT I
## STRICT LIABILITY

11.

At the time said 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was manufactured by the Defendant, said truck was designed and manufactured with an airbag restraint system.  The performance of the airbag restraint system was, at all times relevant, directed by an algorithm or a set of algorithms that was/were developed by the Defendant, and/or at the Defendant's direction. The algorithm(s) developed by or on behalf of the Defendant dictated when the airbag restraint system, including the front passenger airbag restraint system, would or would not deploy given certain data input that was communicated to the airbag restraint system during a collision.

12.

The data important to the algorithm(s) that dictate whether the airbag restraint system in the subject truck, including the front passenger airbag restraint system, would or would not deploy included, but is not limited to:  maximum delta-v (both longitudinal and lateral) (MPH or km/hr) and time maximum delta-v (both longitudinal and lateral) (msec) as recorded and controlled by the longitudinal delta-v zero time offset, the lateral delta-v zero time offset and the rollover angle time zero offset.

13.

At all times relevant, the subject collision created such data as would direct any safely designed and manufactured airbag restraint system, including and especially the front passenger airbag restraint located in the dashboard of the subject vehicle, to deploy in a collision such as the subject collision.  Collisions such as the subject collision and the data created by such collisions were factors that were reasonably foreseeable by the Defendant.

14.

Despite the fact that the subject collision created such data as would direct any safely designed and manufactured airbag restraint system, including and especially the front passenger airbag restraint located in the dashboard of the subject vehicle, to deploy in a collision such as the subject collision, the airbag restraint system, including and especially the front passenger airbag restraint located in the dashboard of the subject vehicle, did not deploy in the subject collision.

15.

The sole reason for the non-deployment of the airbag restraint system in the subject collision was the defective design and manufacture of the subject airbag restraint system in the subject vehicle.  The design and manufacture of the subject airbag restraint system in the subject truck should have included algorithms and activation designs that would have caused, at least, the front passenger side airbag restraint located in the dashboard of the subject truck to deploy in the subject collision.

16.

The above referenced 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was designed, manufactured, tested and inspected by the Defendant and was defective at the time of its first sale by the Defendant. In particular, the 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was designed and manufactured without an airbag restraint system that would protect the front seat passenger from injury in a collision such as the subject collision. The design of the subject truck posed an unreasonable risk of causing serious injury or death from collisions such as was experienced by the Plaintiffs in this case. The 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984, therefore, was defective and not merchantable or reasonably suited to the use intended when it was sold by the Defendant. The Defendant also failed to properly warn the consuming public of said risks.

17.

At the time said 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was designed,

manufactured, tested and inspected by the Defendant, there existed a
safer design of the truck; namely an airbag restraint system with safely
designed algorithm(s) that cause the deployment the airbag restraint
system in the event of a collision such as the subject collision. The
implementation of such safer design would not have caused any
unreasonable reduction in the utility of the subject vehicle.

18.

The sole and proximate cause of Plaintiff Kristen Domingue's
injuries was the improperly designed and manufactured airbag
restraint system that failed to deploy in the subject collision.

## COUNT II
## NEGLIGENCE BY THE DEFENDANT

19.

At the time Defendant designed, manufactured, engineered, tested
and inspected the 2015 Ford SRW Super Duty Pickup truck bearing
vehicle identification number 1FT7W2BT9FED36984, said Defendant
had a duty to exercise reasonable care not to subject users of said truck
and the general motoring public to an unreasonable risk of harm and
injuries as the result of the use of said truck.

20.

At the time said trailer was designed, manufactured and sold as new by the Defendant, the truck did not have an airbag restraint system that would deploy in collisions such as the subject collision.

21.

At the time said 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was designed, manufactured and sold as new by the Defendant, there existed a safer design of such truck which required only a change in algorithm(s) that would allow the airbag restraint system, in particular the front passenger airbag restraint located in the dashboard, to deploy in collisions such as the subject collision.

22.

The design and installation of an airbag restraint system that would deploy in collisions such as the subject collision would have significantly reduced or, in this case, completely eliminated the risk of serious injury or death to the driver and/or passengers of a passenger vehicle in collisions such as the subject collision.

23.

The manner in which the subject 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 was equipped and the type collision as was experienced by this truck and its passengers in the subject collision were reasonably foreseeable matters that any designer or manufacturer of a truck would have foreseen.

24.

The risk of harm to Plaintiff Kristen Domingue in the subject collision was unreasonable.  The front passenger airbag in the subject 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 should have deployed to protect the front passenger from striking their head on the windshield during the subject collision.

25.

At all times relevant, the Defendant was fully capable of establishing algorithm(s) that would have directed the subject airbag restraint system to deploy given the exact data that was generated in the subject collision.

26.

The decision of the Defendant to set the algorithm(s) to cause the airbag restraint system to not deploy in the subject collision was unreasonable and a negligent breach of their duty to make the subject vehicle reasonably safe.

27.

As the direct and proximate result of the negligence of the Defendant, Plaintiffs have suffered the injuries and damages set forth herein.

WHEREFORE the Plaintiffs demand a trial by a jury of twelve and pray for judgment against the Defendant on all counts for general damages in the amount of $2,000,000 (two million dollars) to compensate Plaintiff Kristen Domingue for her past, present and future pain and suffering and loss of use of her body and for Plaintiff Casey Domingue's loss of consortium; special damages in the amount of medical expenses and loss of earnings as shown by the evidence and the costs of the Court.

Craig Alan Webster
Georgia State Bar No.:  744950
Attorney for Claimant

Craig A. Webster, PC
405 Love Avenue
Tifton, Georgia 31794
229-388-0082 Telephone
229-388-0084 Facsimile
cwebster@twflaw.com