# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KRISTEN DOMINGUE and** | * | |
| **CASEY DOMINGUE,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.:** |
| | * | **7:20-cv-00098-HL** |
| **FORD MOTOR COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, TESTIMONY OR DOCUMENTARY, CONCERNING THE USE OR NON-USE OF A SEAT BELT

NOW COME the Plaintiffs in the above styled action and herewith submit their Memorandum in Support of Plaintiffs' Motion in Limine to Exclude Any Evidence, Testimony or Documentary, Concerning the Use or Non-Use of a Seatbelt in this case by showing the Court the following:

## STATEMENT OF THE CASE

This is a products liability case in which the Plaintiffs contend that Plaintiff Kristen Domingue sustained serious injuries from an automobile collision as the result of the non-deployment of the airbag

supplemental restraint system in her vehicle.  It is undisputed in this case that the front airbags on Plaintiffs' vehicle did not deploy during the subject collision.  It is further Plaintiffs' contention that, had the airbags deployed, Plaintiff Kristen Domingue would not have sustained the injuries she suffered to her head, brain and neck in this collision.

The parties are currently in the discovery phase of this case.  However, the Defendant has shown in its discovery efforts that it contends Plaintiffs were not wearing their seatbelts at the time of the subject collision.   In particular, Defendant is scheduled to identify experts to testify in this case and it is anticipated that Defendant will produce expert testimony focused on the question of whether Plaintiffs were wearing their seatbelts at the time of the subject collision.

## STATEMENT OF THE FACTS

On or about March 27, 2020, Plaintiffs were riding in their 2015 Ford SRW Super Duty Pickup truck bearing vehicle identification number 1FT7W2BT9FED36984 when a 2007 Jeep Wrangler suddenly, and without warning, pulled into the path of Plaintiffs' vehicle.  As the result, a serious "T-bone" collision occurred between the two vehicles in which the front passenger side of Plaintiffs' vehicle struck the front driver

side quarter panel of the 2007 Jeep Wrangler.  The Jeep Wrangler caught on fire and was completely destroyed.

When the collision occurred, the passenger side airbag of Plaintiffs' vehicle did not deploy.  As the direct and proximate result of the collision and the failure of the passenger side airbag to deploy, Plaintiff Kristen Domingue's head struck the windshield causing serious injury to her head, brain and neck.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs contend that any evidence concerning whether Plaintiffs were or were not wearing their seatbelts at the time of the subject collision is irrelevant and prohibited by Georgia law under O.C.G.A. Section 40-8-76.1(d)&(e) which provide as follows:

(d) The failure of an occupant of a motor vehicle to wear a seat safety belt in any seat of a motor vehicle which has a seat safety belt or belts *shall not be considered evidence of negligence or causation*, *shall not otherwise be considered by the finder of fact on any question of liability of any person, corporation, or insurer*, shall not be any basis for cancellation of coverage or increase in insurance rates, and *shall not be evidence used to diminish any recovery for*

*damages arising out of the ownership, maintenance, occupancy, or operation of a motor vehicle.*

(e)(1) Except as otherwise provided in paragraphs (2) and (3) of this subsection, a person failing to comply with the requirements of subsection (b) of this Code section shall not be guilty of any criminal act and shall not be guilty of violating any ordinance. A violation of this Code section shall not be a moving traffic violation for purposes of Code Section 40-5-57.

Georgia's statute is unique among several other states that have passed similar laws in that it excludes evidence of the failure to wear a seatbelt rather than excluding just the violation of the statute requiring the use of a seatbelt.[1]

While the immediate issue has never been considered by the Eleventh Circuit Court of Appeals, it has been definitively ruled upon by the Northern District of Georgia as well as the appellate courts of Georgia. In *Denton v. DaimlerChrysler*, 645 F.Supp.2d 1215 (N.D.Ga. 2009), the

---

[1] For example, in *Thompson v Autoliv Safety, Inc., et al.* (D. Nev., 2013) (unpublished) (attached to this motion as an exhibit), the District Court of Nevada, in allowing evidence of non-use of the seatbelt in an airbag products liability case, specifically found that Georgia' law is distinguishable from Nevada law because Georgia law focuses on excluding, for purposes of both liability and causation, evidence of non-use of the seatbelt rather than excluding evidence of the violation of law requiring use of a seatbelt.

Northern District of Georgia was faced with an identical situation as is presented in the case at hand.   In *Denton*, the plaintiff sued for injuries allegedly resulting from the non-deployment of an airbag. DaimlerChrysler argued that evidence of the plaintiff's non-use of a seatbelt was both admissible and served as the foundation for a Motion for New Trial following a strong verdict in the plaintiff's favor.   Rejecting DaimlerChrysler's arguments, the Northern District ruled:

> *OCGA § 40-8-76.1(d) is not a statute that merely confers waivable rights on a party. Rather, this statute provides the substantive law which courts must apply to any case involving an automobile. As explained by the Georgia Court of Appeals, OCGA § 40-8-76.1(d) "prohibits the use of evidence of the failure of an occupant of a motor vehicle to wear a seat safety belt as evidence of negligence or causation or `to diminish any recovery for damages' in any civil action." King v. Davis, 287 Ga.App. 715, 715-16, 652 S.E.2d 585 (2007).*

The court went on:

> *Again, Georgia courts interpreting the statute have consistently held that evidence of an occupant's failure to wear a safety belt should not be considered by the jury "in any civil action." C.W. Matthews Contracting Co. v. Gover, 263 Ga. 108, 110, 428 S.E.2d 796 (1993). Both state and federal courts in Georgia have noted that the language of the statute "is as broad and*

*clear as it first appears." McCurdy v. Ford Motor Co., 2007 WL 121125 (M.D.Ga. Jan. 11, 2007); Hockensmith v. Ford Motor Co., 2003 WL 25639639 (N.D.Ga. April 17, 2003) ("[T]he plain unambiguous language of the statute precludes the consideration of any evidence regarding an occupant's failure to wear a safety belt."); Crosby v. Cooper Tire & Rubber Co., 240 Ga.App. 857, 866, 524 S.E.2d 313 (1999) ("The language of the act is plain and unambiguous ..."). Indeed, the statute's express legislative purpose is "to provide that a failure to use seat safety belts may not be introduced into evidence in any civil action." 1988 Ga. Laws, p. 31. **In short, Georgia's seat belt statute prohibits the jury's consideration of the use or nonuse of a seat belt for any purpose, and the Court's instruction accurately reflected this substantive law.** Denton*, supra. At 1221-1222.

Respectfully, the law of Georgia could not be more clear; the use or non-use of a seatbelt is not admissible in evidence in a civil action of any nature.  If it is not admissible at trial, there is no sound reason for allowing discovery on the matter. For that reason, Plaintiffs move this honorable Court to exclude any such evidence now so as to prevent the waste of time and resources dealing with the issue during discovery as well as at the trial of this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that their Motion in Limine should be GRANTED.

This 6th day of July, 2021.


_____
Craig Alan Webster
Georgia State Bar No.:  744950
Attorney for Plaintiffs

Craig A. Webster, PC
111 E. 12th Street
Tifton, Georgia 31794
229-388-0082 Telephone
229-388-0084 Facsimile
cwebster@twflaw.com