# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **KRISTEN DOMINIGUE and CASEY DOMINIGUE,**  Plaintiffs,  v.  **FORD MOTOR COMPANY,**  Defendant. | Civil Action No. 7:20-CV-98 (HL) |

### CERTIFIED QUESTION TO THE SUPREME COURT OF GEORGIA

On March 27, 2020, the 2015 Ford SRW Super Duty Pickup in which Plaintiffs were riding was struck by a Jeep Wrangler. The result was a serious "T-bone" collision in which the front driver's side was hit resulting in serious damage to both cars. During the collision, the dashboard airbag on the passenger side of the truck failed to deploy and Plaintiff's head hit the windshield causing serious injuries to her head, neck, and spine. Plaintiffs allege that the airbag did not deploy because of a defect in the design system of the airbags and sued defendants for defective design and negligence.

Plaintiffs filed a motion in limine with the Court to exclude "any evidence in this case, testimony or documentary, concerning the issue of whether Plaintiff Kristen Dominigue or Plaintiff Casey Domingue were or were not wearing their seatbelts at the time of the subject collision." (Doc. 30 at 1). Plaintiffs submit that

"such evidence is irrelevant to any issue in this case and is specifically prohibited from evidence under O.C.G.A. § 40-8-76.1." (*Id.* at 1).

Defendant responds that airbags are a part of the supplemental restraint system in the vehicle, and that it is "pragmatically impossible to try an alleged failed airbag deployment case without discussing the restraint system" inasmuch as the specific design of the restraint system includes both the seatbelts and the airbags, which are designed to be used together. (Doc. 34 at 2). Defendant contends that the seatbelt and the airbag are interconnected such that even Plaintiff's experts "cannot write a report without discussing restraints." (*Id.*)

Defendant contends that Plaintiffs' motion should be denied because "evidence unrelated to Plaintiff's actual seat belt use falls outside O.C.G.A. § 40-8-76.1[.]" (*Id.* at 3).

Therefore, the following question is now certified to the Supreme Court of Georgia:

Does O.C.G.A. § 40-8-76.1(d) preclude a defendant in an action alleging defective seatbelt design and/or negligent seatbelt manufacture from producing evidence related to:
   (1) The existence of seatbelts in a vehicle as part of the vehicle's passenger restraint system; or
   (2) Evidence related to the seatbelt's design and compliance with applicable federal safety standards; or
   (3) Other evidence related to seatbelts as long as the defendant does not mention occupant's use or nonuse of a seatbelt as part of their defense?

The Clerk of this Court is directed to transmit this Order, together with a copy of the record in this case, to the Supreme Court of Georgia.

IT IS SO ORDERED, this 6th Day of October, 2021.

*s/ Hugh Lawson*_____

HUGH LAWSON, SENIOR JUDGE