IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KRISTEN DOMINGUE and CASEY DOMINGUE, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION FILE NO.: |
| v. | : 7:20-cv-00098-HL |
| | : |
| FORD MOTOR COMPANY, | : |
| | : |
| Defendants. | : |

**DEFENDANT FORD MOTOR COMPANY'S EMERGENCY MOTION TO AMEND CERTIFIED QUESTION TO THE SUPREME COURT OF GEORGIA**

Defendant Ford Motor Company ("Ford") hereby moves this Court to amend the question it certified to the Supreme Court of Georgia in its October 6, 2021 Order (Doc. 58). Ford files this as an emergency motion because Plaintiffs have already filed their appellate brief and Ford's response is due November 22, 2021. Moreover, on October 19, 2021, the Supreme Court of Georgia struck the certified question previously submitted by this Court and invited this Court "to clarify its question and recertify the question to this Court as it sees fit." See October 19, 2021 Supreme Court Order, attached as Exhibit "A".

Ford appreciates this Court's willingness to have the Georgia Supreme Court address these important issues. However, there are two significant issues with the questions certified.

First, the Certified Questions describes this case as "an action alleging defective **seatbelt** design and/or negligent **seatbelt** manufacture". (Doc. 58, p. 2) (Emphasis added). However, it is undisputed that Plaintiffs do not make defect allegations about the **seatbelt**. (Doc. 1, generally). Plaintiffs' allege that the "**airbag restraint system**" is defective. (Doc. 1, p.9). The Court

1

correctly notes in its Order, that Defendant contends that the seatbelt and the airbag are both part of the **restraint system**. (Doc. 58, p.2). For reasons stated in Ford's Opposition to Plaintiffs' Motion in Limine and at oral argument, criticisms of an airbag necessarily implicate the performance of the other part of the restraint system- the seat belt. Ford apologizes for not being clear enough in making this point. A straightforward way to describe this is:

<u>**Airbag + Seat Belt = Restraint System**</u>

The question presented to the Georgia Supreme Court is based on the false premise that this is a seatbelt design/manufacture case. The Supreme Court has pointed out that this was incorrect. <u>See</u> Exhibit "A". Ford respectfully requests that this incorrect statement of fact is corrected.

Second, the issue that the parties dispute is when the plaintiff has alleged that an auto manufacturer defectively designed the vehicle's **restraint system**, does O.C.G.A. § 40-8-76.1(d) bar the admissibility of evidence that the plaintiff chose not to use the restraint system, in not wearing the provided **seatbelt**? (Doc. 34, p. 10-17). The Georgia Supreme Court is in the best position to address this issue. However, this question has not been certified. Ford respectfully requests that this Court amend the Certified Question presented.

Ford respectfully requests this Court amend its Order (Doc. 58) pursuant to Fed. R. Civ. Pro. 59(e) and/or this Court's "inherent power to reconsider, revise, alter or amend its interlocutory orders". <u>See</u> <u>Cent. Baptist Church of Albany Georgia Inc. v. Church Mut. Ins. Co.</u>, No. 1:16-CV-231, 2018 WL 7077173, at *2 (M.D. Ga. Apr. 2018). Specifically, Ford requests this Court amend the question previously certified to the Supreme Court of Georgia, as follows[1]:

---

[1] Text that is ~~crossed through~~ is from the Court's Certified Question which Ford believes should be removed; text that is <u>underlined</u> is what Ford believes should be added.

2

Does O.C.G.A. § 40-8-76.1(d) preclude a defendant in an action alleging defective ~~seatbelt~~ <u>restraint system</u> design and/or negligent ~~seatbelt~~ <u>restraint system</u> manufacture from producing evidence related to:

(1) The existence of seatbelts in a vehicle as part of the vehicle's passenger restraint system; or

(2) Evidence related to the seatbelt's design and compliance with applicable federal safety standards; or

(3) ~~Other evidence related to seatbelts as long as the defendant does not mention~~ <u>An</u> occupant's ~~use or~~ nonuse of a seatbelt as part of their defense?

In addition, Ford requests this Court add the following language to its Order, or some variation thereof, as used by the 5th Circuit Court of Appeals when certifying questions to the Texas Supreme Court[2]:

> This Court disclaims any intention or desire that the Georgia Supreme Court confine its reply to the precise form or scope of the questions certified. The answers provided will determine the issues in this case and evidence admissibility. The record in this case and copies of the parties' briefs are transmitted herewith.

Respectfully submitted this 19th day of October, 2021.

WATSON SPENCE LLP

***/s/ Michael R. Boorman***
Michael R. Boorman
Georgia Bar No. 067798
Evan E. Smith, IV
Georgia Bar No. 514676
Philip A. Henderson
Georgia Bar No. 604769
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia 30309
Telephone: (229) 436-1545
mboorman@watsonspence.com
esmith@watsonspence.com
phenderson@watsonspence.com

---

[2] <u>See</u>, <u>e.g.</u>, Certified Question from <u>Bitco Gen. Ins. Co. v. Monroe Guar. Ins. Co.</u>, attached as Exhibit "B", p. 9.

Paul F. Malek
*Admitted Pro Hac Vice*
D. Alan Thomas
*Admitted Pro Hac Vice*
HUIE FERNAMBUCQ & STEWART LLP
3291 US Hwy 280, Suite 200
Birmingham, Alabama 35243
Telephone: (205) 297-8850
pmalek@huielaw.com
athomas@huielaw.com

***ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY***

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Craig Alan Webster, Esq.
CRAIG A. WEBSTER, PC
405 Love Avenue
Tifton, GA 31794
cwebster@twflaw.com

This 19th day of October, 2021.

                *s/ Michael R. Boorman*
                Michael R. Boorman
                Georgia Bar No. 067798