IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **KRISTEN DOMINIGUE and CASEY DOMINIGUE,**<br><br>    Plaintiffs,<br><br>v.<br><br>**FORD MOTOR COMPANY,**<br><br>    Defendant. | Civil Action No. 7:20-CV-98 (HL) |

**CERTIFIED QUESTION TO THE SUPREME COURT OF GEORGIA**

On March 27, 2020, the 2015 Ford SRW Super Duty Pickup in which Plaintiffs were riding was struck by a Jeep Wrangler. The result was a serious "T-bone" collision in which the front driver's side was hit resulting in serious damage to both cars. During the collision, the dashboard airbag on the passenger side of the truck failed to deploy and Plaintiff's head hit the windshield causing serious injuries to her head, neck, and spine. Plaintiffs allege that the airbag did not deploy because of a defect in the design system of the airbags and sued defendants for defective design and negligence.

Plaintiffs filed a motion in limine with the Court to exclude "any evidence in this case, testimony or documentary, concerning the issue of whether Plaintiff Kristen Dominigue or Plaintiff Casey Domingue were or were not wearing their seatbelts at the time of the subject collision." (Doc. 30 at 1). Plaintiffs submit that

"such evidence is irrelevant to any issue in this case and is specifically prohibited from evidence under O.C.G.A. § 40-8-76.1." (*Id.* at 1).

Defendant responds that airbags are a part of the supplemental restraint system in the vehicle, and that it is "pragmatically impossible to try an alleged failed airbag deployment case without discussing the restraint system" inasmuch as the specific design of the restraint system includes both the seatbelts and the airbags, which are designed to be used together. (Doc. 34 at 2). Defendant contends that the seatbelt and the airbag are interconnected such that even Plaintiff's experts "cannot write a report without discussing restraints." (*Id.*)

Defendant contends that Plaintiffs' motion should be denied because "evidence unrelated to Plaintiff's actual seat belt use falls outside O.C.G.A. § 40-8-76.1[.]" (*Id.* at 3).

Therefore, the following question is now certified to the Supreme Court of Georgia:

Does O.C.G.A. § 40-8-76.1(d) preclude a defendant in an action alleging defective restraint system design and/or negligent restraint system manufacture from producing evidence related to:
  (1) The existence of seatbelts in a vehicle as part of the vehicle's passenger restraint system; or
  (2) Evidence related to the seatbelt's design and compliance with applicable federal safety standards; or
  (3) An occupant's nonuse of a seatbelt as part of their defense?

The Court disclaims any intention or desire that the Georgia Supreme Court confine its reply to the precise form or scope of the questions certified. The answers provided will determine the issues in this case and evidence admissibility.

The record in this case and copies of the parties' briefs are transmitted herewith to the Supreme Court of Georgia.

IT IS SO ORDERED, this 20th Day of October, 2021.

*s/ Hugh Lawson*

HUGH LAWSON, SENIOR JUDGE